## LUTE R. WOODHULL
### v.
## MARGARET KELLY.

1. CHANGE OF VENUE—PETITION CAN NOT BE CONTRADICTED.—A petition for a change of venue on account of the prejudice of the judge, is a proceeding strictly *ex parte*, and there is no rule of law authorizing the admission of evidence, either by counter affidavits or orally, to contradict the sworn statements in the petition.

2. CHANGE OF VENUE A MATTER OF RIGHT.—When the requirements of the statute relating to change of venue have been complied with, its mandate is peremptory, and must be complied with; the court has no discretion, but must grant the change.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge presiding. Opinion filed February 24, 1882.

This was a suit for forcible detainer, brought by appellee against appellant, before a justice of the peace, and taken by appeal to the Superior Court of Cook county, where a trial was had resulting in a verdict and judgment for the plaintiff. A motion for a new trial having been made and overruled, the defendant brings the case here for review, and assigns various errors, one of which is the refusal of the court below to grant the defendant's application for a change of venue. The petition alleged the prejudice of the judges, and was duly verified by the oath of the defendant.

Messrs. BRANDT & HOFFMAN, for appellant; that a party bringing himself within the provisions of the statute relating to a change of venue, is entitled to its benefits, and the court must grant the change, cited Walsh v. Ray, 38 Ill. 30; Knickerbocker Ins. Co. v. Tolman, 80 Ill. 106; Barrows v. The People 11 Ill. 121; Commercial Ins. Co. v. Mehlman, 48 Ill. 313.

Mr. JAMES FRAKE, for appellee; contended that the court did not err in refusing the application for change of venue, it appearing by appellant's own testimony, that she had knowledge

of the cause assigned for the change long before the applica-tion was made, and cited Rev. Stat. Chap. 146, § 6; Moss v. Johnson, 22 Ill. 633; Goodwin v. Goodwin, 65 Ill. 497.

A failure to file copies of the summons and complaint with the transcript, is waived by going to trial without objection for that reason: Buettner v. Norton Mfg. Co. 90 Ill. 415; Jarrett v. Phillips, 90 Ill. 237.

WILSON, P. J. The only question necessary to consider, arises upon the action of the court in refusing appellant's application for a change of venue.

It is conceded that the petition was in due form, but it is objected that the application was not made in apt time, and this objection is based mainly on the ground that at the time the petition was presented to the court, Mr. Beattie, who down to that time had been appellant's attorney of record, stated to the court that some months before, he had been requested to prepare papers for a change of venue, which he refused to do. At the time of making this statement, he was no longer acting as appellant's attorney, the latter being then represented by other counsel.

We are not aware of any law or rule of practice, which authorizes the admission of evidence, either by counter affidavits or oral testimony, to contradict the sworn statements, in a petition for a change of venue in a civil suit, where the ground of the application is the alleged prejudice of the judges of the court, such applications being strictly *ex parte.* In the present case the petition was duly verified by the oath of the petitioner, and set forth that all the judges of the superior court, where the suit was pending, were prejudiced against her, so that she feared and verily believed she would not receive a fair trial in that court; and that the existence of such prejudice had come to her knowledge on the day her petition was filed. The petition was in strict conformity with the statute, and appears to have been filed in apt time, although not passed upon by the court until three or four days after the time of its being filed. In such cases a court has no discretion, the statute being mandatory. Walsh v. Ray, 38 Ill. 31, where the

Woodhull v. Kelly.

court says: "When its requirements have been complied with, its mandate is peremptory. The court has no discretion. A party bringing himself within its provisions, is entitled to its benefits, and the court must grant the change of venue."

See also, to the same effect, Knickerbocker Ins. Co. v. Tolman, 80 Ill. 107; Commercial Ins. Co. v. Mehlman, 48 Ill. 316. The statement of Beattie was inadmissible to contradict any of the statements of the petition.

But, if competent for that purpose, it wholly failed to show that the statement in the petition as to the time when appellant first learned of the existence of the prejudice, was not true. Beattie does not state upon what ground or for what cause the petition he was requested to prepare was to have been based. For aught that appears, it may have been the prejudice of the inhabitants, and not of the judges. We must therefore assume that the time when appellant first learned that the judges were prejudiced, was as stated in the petition. Moreover, Beattie does not state by whom he was requested to prepare a petition, whether by appellant or a third party.

Other objections, imputing a want of diligence on the part of appellant in presenting his petition, are urged, but we fail to perceive that they rest on any substantial basis. The alleged prejudice was discovered on Saturday, and on the same day appellee was notified that on the following Monday a change of venue would be applied for. It was applied for on that day, and the matter was put over at the request of appellee until the next day, when it was taken up, and the application denied. There was thus no lack of diligence.

We are of opinion that the court erred in refusing to change the venue, and the judgment must be reversed and the cause remanded, with directions that the venue be changed according to the prayer of the petition.

Reversed and remanded.