(No. 38356.—

LINCOLN CASUALTY COMPANY, Appellee, *vs.* VIC AND MARIO'S INC., *et al.,* Appellants.

*Opinion filed September 29, 1964.*

DOWNEY, LAYNG, ANDERSON & MARTENSON, of Rockford, (CHARLES H. DAVIS, JEROME J. DOWNEY, and SAM J. CANNARIATO, of counsel,) for appellants.

ROBERT K. CLARK, of Rockford, for appellee.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

The allowance of the petition for leave to appeal from the decision of the Appellate Court for the Second District in this case presents for determination the correctness of that court's action in dismissing the appeal from a judgment of the Winnebago County circuit court. The dismissal was predicated on the Appellate Court's finding that the abstract filed by appellants was so inadequate as to con-

stitute a flagrant violation of Supreme Court Rule 38 and Appellate Court Rule 6 (Ill. Rev. Stat. 1961, chap. 110, pars. 101.38, 201.6), in that it did not set forth the pleadings or exhibits in any manner, did not clearly and concisely condense the evidence and was insufficient to fully present every error relied upon.

Appellants contend that the abstract sets forth the judgment order of the trial court verbatim, and that this order in effect abstracts all of the pleadings, exhibits and facts; that appellants do not challenge these but quarrel only with the legal conclusions which the trial court drew therefrom, and that the abstract was therefore sufficient, or at least not so deficient as to justify the penalty imposed.

It is the established policy of the court to avoid a harsh application of Rule 38 except in those cases where a flagrant disregard of its requirements is evident. (*People ex rel. Kunstman* v. *Nagano,* 389 Ill. 231, 237.) As was said by the Third District Appellate Court in *Campbell* v. *Fazio,* 23 Ill. App. 2d 106: "Our courts in their interpretation of the Practice Act have been reluctant to deny any litigant his day in court and they have avoided any harsh construction of the rules. In keeping with the intent of the Practice Act and the rules adopted thereunder, no attempt has been made to require a 'strict letter of the law' compliance with the Act or the rules, but rather there has been a liberal construction and interpretation. Appeals have been dismissed only where there has been an omission or failure that is flagrant in its character."

The abstract as filed contains among other matters a summary of the testimony in the trial court and the judgment order of that court. While the Appellate Court was undoubtedly correct in holding it deficient, since it fails to abstract any portion of an insurance policy the provisions of which were found by the trial court to be determinative of the controversy, we do not regard the omissions here to be such as to indicate a flagrant disregard of the rules,

justifying the harsh penalty of a dismissal of the appeal. Appellants assert that they requested leave to supply an additional abstract of such material as might be deemed pertinent. We believe the request should have been allowed.

The order of the Appellate Court for the Second District is reversed and the cause is remanded to that court, with directions to proceed in accordance herewith.

*Reversed and remanded, with directions.*