**Jean Frances Jaskowiak, Administrator of the Estate of Stanley Chuchla, Deceased, and Conservator of the Estate of Justyna Chuchla, Incompetent, Plaintiff-Appellee, v. Village of Posen, a Municipal Corporation, Defendant-Appellant.**

**Gen. No. 50,438.**

First District, Third Division.

May 12, 1966.

Vincent J. Biskupic, of Oak Brook, for appellant.

Robert C. Eardley, of Chicago (Rosemary E. Duschene, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal from a default judgment entered on behalf of plaintiff, charging as error the denial of a motion to vacate the judgment. Suit was commenced in 1957 against the village, various village officials and other persons, based upon the alleged establishment and usage as a street of property belonging to the then owners, two of whom were the predecessors of plaintiff, and charging that thereby these defendants had committed trespass. The defendants appeared and answered, denying vital allegations and raising substantial defenses. The case was dismissed for want of prosecution in 1960, but was reinstated in 1961. At that time interrogatories were propounded to the then president of the village and, upon his failure to answer, an order of compliance was entered by the court. The case was put on the

passed call calendar in early 1963, where it remained until December, 1964.

Meanwhile, certain of the officers of the village had been replaced and the village attorney who had entered his appearance for the defendant in this proceeding was replaced by another attorney. He also resigned and was replaced by the present village attorney. By uncontroverted affidavits it is shown that the attorney of record believed that after resigning, he delivered the file of the case to the village treasurer, but that neither that officer nor the other officers nor the current village attorney actually received the file or had actual knowledge of the course of the proceedings.

In November 1964, the case was reactivated and on January 6, 1965, it was assigned for trial. The former attorney for the village, who remained the attorney of record, was notified by telephone that trial was to commence that day, and over the telephone he asked the trial judge to delay the trial until the afternoon. The trial judge, it appears, also tried to contact the present village attorney, who could not immediately be reached. After a confusing series of conversations, the judge without notice to the defendant village struck its answer and entered a default against it. At the same time the court dismissed all the other defendants. Damages were then proved up before a jury and judgment was entered on a verdict of $1,500.

On the following day the current village attorney found out about the case and within 30 days moved the court, pursuant to section 50(6) of the Civil Practice Act, to vacate the default judgment, submitting numerous affidavits of present and past village officials and attorneys. The village also submitted answers to the interrogatories propounded in 1961 and certain additional pleadings which raised defenses not raised in the original answer, and declared that it was ready to proceed

to trial. No papers were filed in opposition to the motion. The trial court denied the motion, and that order is charged as error.

 The vacation of a judgment within thirty days, pursuant to section 50(6) of the Civil Practice Act, is within the sound discretion of the court and may be made "upon any terms and conditions that shall be reasonable." Factors which have been considered in past cases reviewing the exercise of this discretion are whether the defendant has a meritorious defense, whether defendant's delay was culpable and whether plaintiff was substantially prejudiced. As has been observed, defendant has raised substantial defenses and this is not controverted. Plaintiff argues that the delay was culpable and that it prejudiced her. Failure of the village to be present in court on January 6, 1965, was not due so much to the neglect of its officers or even of its former attorney, who was the attorney of record, as to a confusion in record keeping which is understandable in the government of a small municipality in the process of changing its part-time officials who had charge of the matter. Such confusion is not always to be excused, but where, as here, the plaintiff has herself let seven years of inaction pass by, a sound discretion would have warranted the vacating of the judgment and proceeding to a trial on the merits.

 We took with the case a motion to add to the record a transcript of the proceedings which took place at the time the motion to vacate was heard. This transcript was presented to the trial court for certification, and although no objection was made to its accuracy the certificate was withheld. We agree with the opinion of the court rendered in Torrance v. City Nat. Bank of Rockford, 32 Ill App2d 288, 177 NE2d 646, that under these circumstances it would be judicial wheelspinning for us to send the case back for certification of the transcript. The motion has been allowed.

412

The judgment is reversed and the cause is remanded with directions to reinstate the answer and proceed to a trial on the merits, and for such other and further proceedings as are not inconsistent with the views herein expressed.

Judgment reversed and cause remanded with directions.

SULLIVAN, P. J. and DEMPSEY, J., concur.