Public Federal Savings and Loan Association of Chicago, a United States Corporation, Plaintiff, v. LaSalle National Bank, National Banking Association, Trustee Under Trust Agreement Dated July 22, 1958 and Known as Trust No. 21770; Ralph E. Brown, as Trustee Under Trust Deed Recorded as Document No. 17462725; and "Unknown Owners," Defendants. Public Federal Savings and Loan Association of Chicago, a United States Corporation, Plaintiff-Appellee, v. Jack Stein, Third-Party Defendant-Appellant.

Gen. No. 50,559.

First District, Third Division.

September 8, 1966.

Rehearing denied November 18, 1966.

Marshall Patner, of Chicago, for appellant.

A. E. Peterson, John H. Meyer and John J. McCann, of Chicago (Leonard Higley, of counsel), for appellee.

MR. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court.

Defendant, Jack Stein, appeals from a decree in a mortgage foreclosure proceeding in which the trial court found that the plaintiff's mortgage is a paramount lien, and that the defendant, Jack Stein, is the owner of a note secured by trust deed to one Ralph Brown. The decree further found that the defendant, Jack Stein, had acquired his note after the lien of the trust deed to Ralph Brown had been subordinated to the mortgage owned by the plaintiff, and that the rights of Jack Stein and all other defendants are subordinate to the lien of the mortgage foreclosed by the plaintiff.

The brief and argument of Jack Stein, defendant (appellant), was filed on October 15, 1965, and on November 2, 1965, the plaintiff (appellee) filed a motion to dismiss the appeal based upon the following grounds: (1) The record filed in this court is not in accord with the Praecipe for Record and is not certified as being complete; (2) the abstract of record does not conform to Rule 38 of the Supreme Court, and Rule 5(2)(j) of the Appellate Court of Illinois, First District, and (3) appellant's failure to include in the record the transcript of the proceedings had in the trial court makes it impossible for this court to review the evidence available as a basis for the trial court's decision. This motion was taken with the case. Thereafter the plaintiff filed its answering brief on January 7, 1966, and the reply brief of the defendant was thereafter filed on January 31, 1966.

The decree entered in this case shows that testimony of witnesses was duly heard by the court. The defendant, Jack Stein, failed to have any of the evidence which was heard by the trial court included in the record on appeal. The defendant Stein (appellant) made arguments, not

based upon any evidence in the record, to the effect that his note was not endorsed with the subordination agreement; that his note bore an endorsement that it was secured by a first mortgage when he acquired it; and that Winter & Hirsch, from whom he acquired the note, was never in the chain of title. The note held by Stein is not a part of the record before us, nor is the trust deed, securing said note, in this record. The record filed by defendant Stein does not disclose what endorsements, if any, were made on the note owned by Stein and the trust deed securing that note. The chain of title is not in the record, and therefore the statement that Winter & Hirsch was never in the chain of title is not supported by the record. The plaintiff in its answering brief sought to confine itself to the record.

█ The decree of foreclosure in this case found in part as follows:

> "4. That the note secured by the Trust Deed to Ralph Brown as Trustee, Document No. 17462725, is now owned by Jack Stein; that prior to Mr. Stein's acquisition of said note from Winter & Hirsch, Inc. the lien of the Trust Deed securing said note was duly subordinated to the lien of the Plaintiff's Mortgage; that the rights and interests of the Defendants Jack Stein and Ralph Brown, Trustee, in and to the property hereinafter described are subject and subordinate to the lien of the Plaintiff mentioned in paragraph 3 of this Decree."

The evidence heard by the trial court on this point is presumed to have been sufficient to have sustained the finding, where a report of proceedings involving the trial court's hearing is not before us on appeal.

In Elston-Damen Currency Exchange, Inc. v. Sheon, 46 Ill App2d 218, 197 NE2d 143, the court on page 225 said:

"The record on the appeal before us does not contain a report of the proceedings involving the trial court's hearing on the petitions and answers thereto for sanctions. The record before us does indicate that: 'the court after having heard the evidence and arguments of counsel' entered the judgments or sanctions. Therefore, we must presume that the evidence was sufficient to sustain the findings below and to support the decision of the trial court on said issues. Smith v. Smith (1955), 5 Ill App2d 383, 125 NE2d 693."

■ Any doubt arising from the incompleteness of the record will be resolved against appellant. People v. Zimmerman, 57 Ill App2d 190, 206 NE2d 741.

■ In Culver v. Schroth, 153 Ill 437, 39 NE 115, it was held that in the absence of a complete record the decree of the circuit court will be supported by every reasonable intendment and presumption.

The clerk of the trial court, in certifying to the record, struck out the words "perfect and complete" which preceded the words "transcript of record." The clerk did, however, certify that it was a true transcript of record.

In Bertrand v. Taylor, 87 Ill 235, on page 237 the court said:

"Again, it is claimed that, . . . the transcript does not show a sufficient foundation for the original decree, and hence that the decree ought to be reversed.

"There are two insurmountable objections to this. This transcript is not certified to be 'a full copy of the record,' but merely a complete 'copy of certain papers filed and certain proceedings had and entered of record' in the case. The transcript may contain a complete copy of certain of these proceedings, and yet there may be others which are not copied at all."

256

■ ■ The decree in this case, in the absence of a complete record, will be supported by every reasonable intendment and presumption. While the praecipe for record directed the clerk to prepare a transcript of the entire record, including documents filed and all orders entered hereafter, it is common knowledge that the clerk makes up his record from documents, transcripts and the like supplied him by the attorney for the appellant.

The abstract of record in this case reads as follows:

"Page of
Record

3–5 Complaint to foreclose mortgage by plaintiff, naming (among other defendants) Ralph Brown, as trustee under trust deed dated December 9,

6–7 1958, as recorded, and mortgage to plaintiff dated

8–9 April 12, 1962, as recorded, and note of even date secured by that mortgage.

11–12 Motion to strike by Ralph Brown, as trustee under the trust deed.

14 Order striking the complaint for foreclosure.

16 Amended complaint by plaintiff to foreclose

16–17 mortgage, incorporating paragraphs one through three of the complaint and in paragraph four alleging subordination of the mortgage in Ralph Brown by a document dated May 17, 1962, attached as Exhibit A, executed by the holder of the note.

Exhibit A—Subordination of Lien

20–24 Answer to amended complaint by Ralph Brown, as trustee and pro se.

22–23 In paragraphs 4 through 5 denied that the subordination agreement, Exhibit A, is effective as to the trustee, and repeated the allegations of these paragraphs in affirmative defense.

257

"Page of
Record

26–27 Reply by plaintiff denying the allegations in the affirmative defense.

29–30 Amended reply denying that the subordination agreement did not subordinate the interest of the trustee on the mortgage.

32–33 Petition to vacate default and for leave to file appearance of Jack Stein, as assignee of the note secured by the mortgage wherein Ralph Brown was trustee.

35 Order granting the petition.

37 Stipulation that the answer of Ralph Brown stand as the answer of Jack Stein as owner of the note in question.

39–44 Decree of foreclosure in favor of plaintiff in subordinating the lien of Jack Stein and the Trustee.

40 '4. That the note secured by the Trust Deed to Ralph Brown as Trustee, Document No. 17462725, is now owned by Jack Stein; that prior to Mr. Stein's acquisition of said note from Winter & Hirsch, Inc. the lien of the Trust Deed securing said note was duly subordinated to the lien of the Plaintiff's Mortgage; that the rights and interests of the Defendants Jack Stein and Ralph Brown, Trustee, in and to the property hereinafter described are subject and subordinate to the lien of the Plaintiff mentioned in paragraph 3 of this Decree.'

46 Notice of appeal and proof of service.

48 Praecipe for Record and proof of service.

49 Certificate of Clerk.

Respectfully submitted,

MARSHALL PATNER,
Attorney for Defendant."

258

The motion of plaintiff to dismiss the appeal is partly based upon failure of the defendant (appellant) to file a proper abstract of record.

■ In the case of Gribben v. Interstate Motor Freight System Co., 38 Ill App2d 123, 186 NE2d 100, the court was most critical of an abstract which bears great similarity to the one filed in the present case. On page 127 the court said:

> "The many exhibits which were received in evidence are neither in the abstract nor abstracted and there is no index indicating the nature of the exhibits. This is a violation of rule 6 of this court, Ill Rev Stats (1961) c 110, § 201.6. This rule provides in part that: 'The abstract shall be preceded by a complete index, alphabetically arranged, indicating the nature of each exhibit, i. e., Will, Trust Deed, Contract, and the like, and the page on which it may be found. . . .' "

The court also in that case held that the appellants cannot sidestep the obligation of filing a sufficient abstract because the rule permits the appellee to file an additional abstract, and further stated that the initial responsibility of an appellant never shifts to the appellee, and that the latter is never compelled to do what the former should have done. In that case the motion to dismiss the appeal was sustained, and the appeal was dismissed.

■ The issue in the trial court apparently was whether the lien of the plaintiff (appellee) was prior to the lien of the defendant Stein. In the absence of a complete report of proceedings, together with the exhibits admitted in evidence, this court is bound to presume that the decree of the trial court was supported by the evidence.

After the appellant had filed his reply brief, and less than a week before the hearing on oral argument, a motion was made by the defendant Stein to supplement the record with a partial report of proceedings. This partial transcript was not certified by the trial judge and con-

tained none of the evidence in chief offered by the plaintiff, nor any of the exhibits introduced in evidence. This motion has been denied. Likewise, the motion by the defendant Stein to supplement the record, which contains an order entered by the trial court, which order refers to "Exhibits 1 and 2 attached to a motion," and a copy of what purports to be a trust deed and a note secured by a trust deed, was denied for the reason that while the order of the trial court refers to Exhibits 1 and 2 attached to a motion, the motion is not made a part of the record, and it is impossible to determine what exhibits are referred to. The clerk of the trial court certified to the accuracy of the copy of the order. The order standing alone is not helpful unless the exhibits included in the additional record were in some way identified as the exhibits the court had in mind when it entered the order. Furthermore, the order and the exhibits taken together, without a full and complete report of proceedings at the trial, would not tend to overcome the presumption that the evidence heard at the trial supported the decree of the trial judge.

The defendant Stein relies upon section 92 of the Civil Practice Act (Ill Rev Stats 1965, c 110, par 92), which provides in part as follows:

"(1) In all appeals the reviewing court may, in its discretion, and on such terms as it deems just,

". . .

"(c) Order or permit the record to be amended by correcting errors or by adding matters which should have been included;"

 In the instant case the motions made by Stein were made after the plaintiff had filed its printed brief and had filed a printed additional abstract of record. Even if the matters sought to be added would make the record complete, which they do not, it would be manifestly

unfair to any appellee to permit the record to be amended by the appellant after the filing of answering briefs and abstracts. We further feel that under such circumstances it would be an abuse of discretion for this court to have allowed the filing of a partial report of proceedings and a partial supplemental record when requested, for the reason that the partial report of proceedings and the additional record would not be sufficient to overcome the presumption that the decree of the trial court was based upon the evidence, and because it would have placed an additional burden upon the appellee in the preparing of additional briefs and the cost of printing the same.

For the foregoing reasons the motion of the plaintiff (appellee) to dismiss the appeal is allowed.

Appeal dismissed.

SCHWARTZ and DEMPSEY, JJ., concur.