**Mildred Vokaty, Plaintiff-Appellant, v. Harold Vokaty, Defendant-Appellee.**

**Gen. No. 51,815.**

First District, Second Division.

January 12, 1968.

Abrams, Linn, Carey, Maragos, and Richter, of Chicago (David Linn, B. John Mix, Jr., and Andre Mandeville, of counsel), for appellant.

Jerry J. Brousil and Howard R. Weiss, of Chicago (Jerry J. Brousil and Howard R. Weiss, of counsel), for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

A decree was entered granting plaintiff a divorce from defendant on grounds of cruelty and adjusting the property rights of the parties. Plaintiff appeals from that part of the decree which purports to settle the property rights between the parties; no question is raised as to the propriety of that part of the decree granting the divorce.

Plaintiff's complaint alleged, among other matters, that the parties, through their joint efforts throughout the duration of the marriage, acquired two parcels of real estate, one the family residence in Riverside, Illinois, and the other a summer home in Lake Geneva, Wisconsin. The complaint prayed for an adjudication of the parties' property rights in the real estate and requested alimony in

installments or in gross. Defendant filed an answer and a cross-complaint for divorce, denying plaintiff was entitled to a divorce, admitting the joint acquisition of the real estate by both parties, and praying for a decree of divorce in his favor on grounds of cruelty and desertion and an adjustment of the parties' property rights.

Although no transcript of proceedings has been filed in this court, it appears from the admitted and undenied allegations of the pleadings, and from the judge's trial notes incorporated into the common-law record, that the parties were married in January 1941 and that three children were born of the marriage, all of whom had reached majority prior to the commencement of this action. While it appears defendant earned $6,000 to $8,000 in the years 1964 and 1965, the parties managed to accumulate a sizeable estate, inasmuch as the Riverside home was valued at $35,000 to $40,000, subject to a $9,700 mortgage, and the Lake Geneva home valued at $45,000, subject to no encumbrance. The parties also owned a 1963 Cadillac automobile, a Dodge automobile, eight shares of Northern Illinois Gas Company common stock, various items of personal property such as household furnishings, and the like, and a bank account, all of undetermined value.

The divorce decree awarded plaintiff all the household goods and effects situated in the Riverside home, in addition to the Dodge automobile, the shares of common stock, and the bank account. Plaintiff was ordered to convey her interest in both parcels of real estate to defendant and the Cadillac automobile was also awarded to him. The decree ordered defendant to assume all outstanding family financial obligations, including the existing mortgage on the Riverside property.

Defendant was further ordered to pay the sum of $40,000 to plaintiff "in full settlement of all property rights arising out of the marital relationship," $25,000 of which was to be deposited by defendant into a local

bank in trust for plaintiff, and the $15,000 balance of which was to be paid by defendant to plaintiff in installments of $100 per month until the full amount was paid.

The trust created by the decree ordered that the trustee pay the net income from the $25,000 to plaintiff in semi-annual disbursements "for so long as the plaintiff may live or as may be directed by further order" of the court; that the corpus of the trust shall "be paid or distributed only upon or in accordance with the further order" of the court; and that in the event of the death of the plaintiff "the corpus of the trust shall be paid and distributed in accordance with said further order" of the court. The decree also contained the provision that the parties were thereafter barred and foreclosed from alimony, past, present and future, except as therein set forth. Subsequent to the rendition of the decree and after a hearing was held on plaintiff's petition to vacate the decree, the trial court modified the decree and allowed the trustee to pay to plaintiff the sum of $100 per month from and out of the corpus of the trust.

Plaintiff maintains the decree, insofar as it purports to settle the property rights of the parties, is incomplete, vague and ambiguous. We agree.

■ We are in agreement with the proposition of law raised by defendant, that where a consideration of the evidence taken at trial is necessary for the determination of an issue raised on appeal and where the party raising the issue fails to preserve the evidence and fails to file a transcript of proceedings in the reviewing court or a "bystanders" report of proceedings, the court on appeal will indulge every presumption that the judgment or decree was supported by the necessary evidence where the judgment or decree recites that the court conducted a hearing and was fully advised in the premises. See Halperin v. Darling & Co., 80 Ill App2d 353, 225 NE2d 92;

107

Public Federal Savings & Loan Ass'n of Chicago v. La Salle Nat. Bank, 76 Ill App2d 252, 222 NE2d 222; Calumet Federal Savings & Loan Ass'n of Chicago v. Markman, 50 Ill App2d 430, 200 NE2d 419. It is the duty, in such cases, of the party attacking the judgment or decree to preserve the evidence by one of the methods provided in order to show the judgment or decree is not supported thereby.

 Here, however, the decree is defective on its face, obviating the necessity of preserving the evidence or a "bystanders" report of proceedings and filing a transcript thereof in this court. The award to plaintiff contains elements of both alimony in gross (a lump-sum settlement) and periodic alimony. The decree initially awards plaintiff the lump sum of $40,000, "in full settlement of all property rights arising out of the marital relationship" of the parties. This clearly is a settlement in gross in lieu of alimony. (See Ill Rev Stats 1965, c 40, Par 19.) The decree thereafter modifies the aforementioned award by ordering that $25,000 thereof be placed in trust for plaintiff, the administration of which was to be controlled by the court. The court reserved the power to control the payment of both the income and the corpus of the trust, even to the extent of providing that the court shall control the payment and distribution of the corpus after the death of plaintiff, thereby in effect making a last will and testament for her as to that part of the corpus remaining after her death.

Plaintiff was further ordered to convey her interest in the two parcels of real estate to defendant although it affirmatively appears from the record that both parties contributed to the acquisition thereof. There is no indication in the decree that this was the most equitable division of the property, albeit section 17 of the Divorce Act states that the court may order a party to convey his interest in real estate to the other party if it appears the latter is equitably entitled thereto. Ill Rev Stats

1965, c 40, Par 18; Yoselle v. Yoselle, 54 Ill App2d 354, 204 NE2d 129.

Nothing is contained in the decree concerning defendant's cross-complaint for divorce. This point has not been raised on this appeal and the counsel for both parties in oral argument agreed that the decree of divorce in favor of plaintiff on her complaint served as an implied finding against defendant on his cross-complaint.

The decree as to the divorce is affirmed. The decree as to the disposition of the property, the adjustment of the property rights, and the alimony award to plaintiff is reversed and the cause is remanded for further hearings on these questions.

Decree affirmed in part, reversed in part and remanded.

McNAMARA and LYONS, JJ., concur.