ROBERT E. ANDERSON *et al.*, Plaintiffs-Appellees, *v.* THE CITY OF WHEATON, Defendant-Appellant.

(No. 73-100;

Second District (2nd Division)—February 3, 1975.

Gerald J. Brooks, of Naperville, for appellant.

Peregrine, Stime & Henninger, of Wheaton, for appellees.

Mr. JUSTICE DIXON delivered the option of the court:

This is an appeal from an order of the Circuit Court of Du Page County denying defendant's petition for a change of venue because of prejudice of the trial judge and from a judgment against defendant on the merits.

On November 10, 1971, plaintiffs filed a complaint for declaratory judgment requesting zoning relief. After issue was joined, the plaintiffs had the cause set down for trial on November 20, 1972, at 11 A.M. before Judge Philip F. Locke. The defendant herein defended its zoning

ordinance in another case before the same judge which ran 3 days, November 14, 15 and 16, 1972. Immediately upon the conclusion of that trial, defendant's attorney prepared a petition for change of venue from Judge Locke. Concurrently, defendant prepared notice that it would be filing a petition for change of venue at the opening of court on November 20, 1972, and hand-delivered that notice to counsel for plaintiffs at about 2 o'clock on November 17.

On opening of court, November 20, the parties appeared; defendant filed its petition for change of venue which stated the belief of defendant that Judge Locke was prejudiced against them and that there would not be a fair and impartial hearing or determination of the issues if the cause was heard by Judge Locke. The petition on behalf of defendant was signed and verified by the mayor, city manager, and by defendant's attorney. Plaintiffs filed an affidavit in opposition which was considered by the court.[1] Defendant was given leave to file a counter-affidavit. After argument the court ruled that the petition for change of venue and notice was not timely filed and denied the petition. The defendant City then refused to participate in the trial, and after hearing plaintiffs' witnesses, the court granted the relief requested by plaintiffs. This appeal followed.

Defendant contends that its petition for change of venue met the requirements of the statute, that it had an absolute right to a change of venue since the court had not ruled on any substantive issue in the case, that the petition was in proper form, reasonable notice was given, and its denial was error. Plaintiffs contend that the petition contains a fatal error in that it does not show the time the defendant became aware of the prejudice upon which the petition is predicated, the Venue Act requires reasonable notice to be given, and what is reasonable is left to the discretion of the trial judge which discretion will not be interfered with unless abused.

Section 1 of the Venue Act (Ill. Rev. Stat. 1971, ch. 146 par. 1) provides:

> "A change of venue in any civil action may be had in the following situations:
> (1)   *   *   *

---

[1] Where a change of venue is sought on grounds of local prejudice or the undue influence of the adverse party, the adverse party may controvert the petition by counter-affidavits but where a change of venue is sought on grounds of prejudice of the judge *counter-affidavits are not permissible.* 36 I.L.P. Venue § 15 (1958); *People v. Scott,* 326 Ill. 327, 343; *Woodhull v. Kelly,* 10 Ill.App. 455, 456. Section 69 of the Civil Practice Act expressly states that "This section does not apply to applications for change of venue on grounds of prejudice."

(2) Where any party or his attorney shall fear that he will not receive a fair trial in the court in which the action * * * is pending, because the inhabitants of the county are or the judge is prejudiced against him, or his attorney * * *. In any such situation the venue shall not be changed except on application, as hereinafter provided or by consent of the parties."

Section 3 of the Act describes the form and other requirements of an application as follows:

"Every application for a change of venue by a party or his attorney shall be by petition, setting forth the cause of the application and praying a change of venue, which petition shall be verified by the affidavit of the applicant. A petition for change of venue shall not be granted unless it is presented before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case * * *."

Section 5 of the Act provides for place of application and notice as follows:

"The application may be made to the court in which the case is pending, reasonable notice thereof having been given to the adverse party or his attorney."

■■■ The rule is well settled that a right to a change of venue due to prejudice of a judge is absolute if the requirements of the statute are met. The trial judge has no discretion as to whether or not the change will be granted and cannot inquire as to the truthfulness of the allegations of prejudice. Also, the provisions of the Venue Act, particularly when prejudice of the judge is charged, are to be liberally construed in order to effect rather than defeat a change of venue. *Rosewood Corp. v. Transamerica Insurance Co.*, 57 Ill.2d 247, 311 N.E.2d 673.

In support of the argument that a petition for a change of venue must show the time when the prejudice came to the knowledge of petitioner, plaintiff cites *Hunt v. Pronger*, 12 Ill.App. 403. *Hunt v. Pronger* was decided at a time when the Venue Act contained former section 6. (Many long-standing rules were revoked by the 1971 changes in the Act.)

Prior to the 1971 changes in the Act, if a petition for change of venue was filed more than 30 days after the return date, sections 6 and 7 of the Act came into play and it was required by section 6 that 10 days' notice be given unless the petition stated when knowledge of prejudice first came to petitioner. This was the ruling of *Hunt v. Pronger* where only 2 days' notice was given.

Section 7 of the old act required the party applying to "* * * show that the causes for which the change is asked have arisen or come to

his knowledge since the expiration of such 30 days." Ill. Rev. Stat. 1969, ch. 146, par. 7.

Both sections 6 and 7 were repealed effective September 7, 1971, and Section 3, which was extensively amended effective September 7, 1971, now provides the form and other requirements of the petition. Nowhere in section 3 is there a requirement that the petition state when the prejudice first came to the knowledge of petitioner, and we accordingly hold that the petition herein was in proper form.

■■ The statute requires "reasonable notice" of an application for a change of venue "to the adverse party or his attorney." What is reasonable notice depends on the circumstances of each particular case. In the instant case the notice was personally served before the court considered any substantive issue in the case and on the third day before the hearing. We consider that the petition was filed in apt time and with reasonable notice.

After appellee's brief had been filed, appellant moved to amend the record on appeal pursuant to Supreme Court Rule 329 and asked for leave to file an additional abstract which contained only the court reporter's transcript of proceedings had at the hearing on November 20, 1972, regarding the petition for change of venue. This transcript was presented to the trial court for certification, and although no objection was made to its accuracy, the certificate was withheld. Appellees objected to the motions and also moved to strike the additional abstract and appellant's reply brief which was entirely based thereon. The motions were taken with the case.

■■ There is no contention by appellees that the transcript is incorrect. We agree with the opinion of the court rendered in *Jaskowiak v. Village of Posen*, 70 Ill.App.2d 409, that under these circumstances it would be judicial wheelspinning for us to send the case back for certification of the transcript. The motion to amend the record is allowed. See Supreme Court Rule 366(a)(3).

Upon a proper showing, an abstract is amendable, and, in the exercise of the sound discretion of the court, leave may be granted to file a supplemental abstract. *Dempski v. Dempski*, 27 Ill.2d 69, 72; *Lincoln Casualty Company v. Vic & Mario's Inc.*, 31 Ill.2d 291, 292; *McKinney v. Illinois Power Co.*, 26 Ill.App.2d 193, 198.

Appellee's objection to the motion to file the supplemental abstract is that granting thereof would permit the injection of new matter in the case and raise grounds which they could not argue since they had filed their brief. They cite *Enlow v. Illinois Central R.R. Co.*, 103 Ill.App.2d 269, and *Public Federal Savings & Loan Association v. La Salle National Bank*, 76 Ill.App.2d 252. We do not think such an argument applies to

the instant situation where no new matter is injected in the case and no additional grounds are raised. The transcript contains only arguments of counsel and comments of the trial judge.

■■ The court erred in denying the petition, and any orders entered thereafter are void. *Board of Education v. Morton Council Teachers Union Local 571*, 50 Ill.2d 258.

For the reasons stated, the judgment of the Circuit Court of Du Page County is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

RECHENMACHER, P. J., and T. MORAN, J., concur.