BEATRICE L. ROBINSON, Plaintiff-Appellant, *v.* LEE MOORE, d/b/a STAR MOVERS & STORAGE, Defendant-Appellee.

(No. 60912; ▮▮▮▮▮▮▮▮▮▮▮)

First District (2nd Division)—July 15, 1975.

Beatrice L. Robinson, *pro se.*

No brief filed for appellee.

Mr. PRESIDING JUSTICE DOWNING delivered the opinion of the court:

Beatrice L. Robinson, plaintiff (appearing pro se), is appealing a judgment for the defendant entered by the municipal department of the circuit court of Cook County in an action for negligence and conversion by a bailee. The defendant has filed no brief in this case.

At the outset it is noted that, in considering this appeal, we are limited to the common-law record from the court below including plaintiff's report of proceedings, as filed by the clerk of that court also, plaintiff's pro se brief and abstract of the record.

As enumerated in her complaint, it appears that plaintiff placed certain of her goods in the custody of defendant's business, Star Movers & Storage, for an indefinite period. Her complaint fails to state that the goods were, in fact, placed in storage with defendant's business. Instead plaintiff merely asserts that "defendant and his employees stole" the items therein enumerated. Attached to the complaint, however, is a "moving ticket" dated August 2, 1973, with plaintiff's name, address and signature, a

destination of "600 W. 71st" (listed as Star Movers' address on the complaint) for "storage" and the notation of one van and three men.

The record indicates service on, and an appearance entered by, defendant "L. Moore." Thereafter, so far as we can determine from the record, a bench trial followed whereupon, on July 15, 1974, the court entered judgment for the defendant. Plaintiff's motion to vacate this finding, after first being stricken because of an alleged defective notice upon the defendant, was thereafter heard by the trial court, upon proper service, and overruled on July 24, 1974. According to the record, plaintiff's notice of appeal was served upon the defendant by mail on August 16, 1974, and a report of proceedings was served upon defendant by mail on August 29, 1974. A verified report of proceedings was prepared by the plaintiff and filed with the clerk of the circuit court on August 29, 1974.

However, there is nothing in the record to indicate or establish that the report of proceedings was presented to the trial court for its consideration. Certainly the record contains no certification by the trial judge of the report of proceedings.

Supreme Court Rule 323(c) (Ill. Rev. Stat. 1971, ch. 110A, par. 323(c)) provides for a certain procedure if no verbatim transcript is available and reads:

> "(c) Procedure If No Verbatim Transcript Is Available. If no verbatim transcript of the evidence of proceedings is obtainable the appellant may prepare a proposed report of proceedings from the best available sources, including recollection. It shall be served within 14 days after the notice of appeal is filed. Within 28 days after the notice of appeal is filed, any other party may serve proposed amendments or his proposed report of proceedings. Within 7 days thereafter, the appellant shall, upon notice, present the proposed report or reports and any proposed amendments to the trial court for settlement and approval. The court, holding hearings if necessary, shall promptly settle, certify, and order filed an accurate report of proceedings. *Absent stipulation, only the report of proceedings so certified shall be included in the record on appeal.*" (Emphasis added.)

The report of proceedings appears to be based on plaintiff's recollection and is sworn to by the plaintiff. However, there is in the record no stipulation by the parties as to its accuracy.

As required in Supreme Court Rule 323(c), the report of proceedings must be certified by the trial judge. As early as 1843 our supreme court held "[u]nless the transcript is properly certified the case is not in court." (*Morse v. Williams* (1843), 5 Ill. 285; see also *Walker v. Walker* (1st Dist.

1971), 6 Ill.App.3d 214, 285 N.E.2d 235 (abstract opinion).) Thus the failure to have the report of proceedings certified by the trial judge is fatal, and this court may not consider it as part of the appellate record. Consequently, we are left with a record which contains, amongst other papers, the complaint and the clerk of the circuit court's record indicating the finding for the defendant.

The rule in this State is that the appellate court will indulge every presumption that the judgment or decree was supported by sufficient evidence. Here the record shows that the trial court entered the following order on July 15, 1974:

> "Now come the parties to this cause and thereupon this cause comes on in regular course for trial before the Court without a jury, and the Court having heard the evidence and the arguments of counsel, and being fully advised in the premises, enters the following finding, to-wit:
>
> 'THE COURT FINDS FOR THE DEFENDANT.'"

Thus as plaintiff has failed to provide us with a proper report of proceedings or a "bystander" report of proceedings, we have nothing before us to properly determine whether the judgment of the trial court is correct. See *Vokaty v. Vokaty* (1st Dist. 1968), 91 Ill.App.2d 104, 234 N.E.2d 150.

■■ In appellate procedure the party appealing has the responsibility to perfect the record so as to support the questions raised in the appeal. This has not been done in this case. See *Lill Coal Co. v. Bellario* (1st Dist. 1975), 30 Ill.App.3d 384, 332 N.E.2d 485.

■■ The defendant, who prevailed below, did not file a brief in this court. It is true there is authority that failure of the prevailing party in the trial court to file a brief justifies this court reversing without considering the merits. (*American National Bank & Trust Co. v. Bergstedt* (1st Dist. 1967), 90 Ill.App.2d 381, 234 N.E.2d 56; *Matyskiel v. Bernat* (1st Dist. 1967), 85 Ill.App.2d 175, 228 N.E.2d 746.) However, if this court were to apply such a principle in this case, we would be reversing when the plaintiff who is attacking the judgment has failed to furnish us with a proper record. This we cannot do.

For the reasons set out herein, the judgment of the circuit court of Cook County must be affirmed.

Judgment affirmed.

STAMOS and LEIGHTON, JJ., concur.