GEORGE W. MILLER *et al.*

*v.*

ABRAM M. PENCE.

*Filed at Ottawa March 29, 1890.*

1. CHANGE OF VENUE—*notice of application—waiver.* Where the petition for a change of venue in a civil suit, based on the ground of the alleged prejudice of the presiding judge, showed "that a knowledge of such prejudice did not come to petitioners until yesterday," and no notice was given to the opposite party, it was *held,* that the application was properly overruled for the failure to give notice thereof.

2. The fact that one party, without notice of an application for a change of venue, appears and resists the same, is not a waiver of the statutory requirement of notice.

3. TAX DEED—*of the required notice of sale and time of redemption.* The statute requires notice to be served on the person in whose name land was taxed, if he is a resident of the county, showing the sale of land for taxes, and the time when the right of redemption will expire. This is a condition precedent to obtaining a tax deed, and without such notice served, as required, the deed will pass no title.

4. LIMITATIONS—*act of 1839—color of title.* A tax deed for land, although issued without notice of the sale and of the time when the right of redemption would expire, is color of title under the Limitation law of 1839.

5. SAME—*bar under the act of 1839—when complete.* Where one enters into the possession of land under color of title acquired in good faith, and continues such possession for seven consecutive years, during which time he pays all taxes legally assessed thereon, this will establish title in him to the land, as against the prior owner resting under no disabilities.

6. SAME—*act of 1839—as against dower right—and as to a merely inchoate right of dower.* The Limitation act of 1839 may be interposed as a bar to a claim of dower in a suit brought by a widow, where the seven years named in the act have run after the death of the husband, but not so where the seven years have run in the lifetime of the husband. The perfecting of the bar of the statute against the husband, so as to bar his title, will not affect his wife's inchoate right of dower.

7. A wife having only an inchoate right of dower in the land of her husband during his life, is not required to pay the taxes on the same, or any part thereof, to protect that right.

8. A husband suffered a party to take possession of his land under color of title, and to hold such possession for seven successive years, and pay all the taxes thereon. On bill by the party in possession to restore and confirm his title under the Burnt Records act, the court found the title in the petitioner, and that the wife of the defendant had no present or contingent interest or inchoate right of dower to the premises: *Held,* that the decree was erroneous, so far as it affected the wife's right to dower.

9. SAME—*when the statute begins to run—against dower.* The statute does not begin to run against the right of dower until a right of action therefor has accrued to the claimant, which can not be until she becomes discovert. During the life of the husband the wife's inchoate right of dower can not be asserted against an adverse possession.

10. SAME—*former decisions—on that subject.* The case of *Steele* v. *Gellatly,* 41 Ill. 39, holding that the Statute of Limitations does not commence to run against a right of dower during the wife's coverture, is not overruled by the cases of *Castner* v. *Walrod,* 83 Ill. 171, and *Enos* v. *Buckley,* 94 id. 458, which hold that the disability of a married woman

is removed by the Married Woman's act of 1861, and amendatory acts. The wife can not assert her right of dower against any one until it becomes consummate.

11. SAME—*stopping the running of the statute—pendency of suit during a part of the time.* Where the statute once begins to run, under section 2 of the Limitation act of 1839, by the payment of taxes, with possession under color of title, the bringing of an action of ejectment, and its pendency for a part of the seven years, will not stop the running of the statute, and render the payment of taxes during the time such action was pending, unavailing. The court has no power to create exceptions to the statute.

12. DOWER—*inchoate right of dower—nature of the right—and what elements belong to it.* A wife's right of dower in her husband's land during his life is a mere intangible, inchoate, contingent expectancy, which she has no power whatever of asserting against her husband, or any one acquiring his title from or under him.

13. A wife's inchoate right of dower can not be asserted by her against any one. If she dies before her husband, the right is extinguished. It can not be transmitted by will, or the laws of descent, or by sale. She may relinquish it to the owner of the fee in the mode provided by the statute, but it can not be sold on execution, and can not be barred by the Statute of Limitations.

APPEAL from the Circuit Court of Cook county; the Hon. O. H. HORTON, Judge, presiding.

This was a proceeding instituted in the circuit court of Cook county, by A. M. Pence, against George W. Miller, and Caroline K. Miller, his wife, and others, under the Burnt Records act, to restore and confirm his title to a certain tract of land in Cook county. It is alleged in the petition, and admitted in the answer, that George W. Miller was the owner of the premises at the time of the destruction of the records in Cook county, in October, 1871, and that he derived title thereto through *mesne* conveyances from the United States. The petitioner derived title to the premises from Miller, first, under two sheriff's deeds, executed on a sale of the premises on two several judgments rendered against Miller; second, under a tax deed executed to the South Park Commissioners November 17, 1879, based on a sale of the premises in 1877, for an install-

ment of the South Park special assessment. The South Park commissioners conveyed to petitioner, and he entered into possession of the premises, and paid all taxes assessed thereon for more than seven successive years, from 1879 to 1888.

On the hearing, the court rendered a decree in favor of the petitioner. The decree finds petitioner owner of said land; "that Caroline K. Miller, wife of said George W. Miller, has not * * * any present or contingent interest or inchoate right of dower" to said premises; that the court has jurisdiction, and orders and adjudges the title established "and confirmed in petitioner in fee simple," "free from any present or contingent interest or inchoate right of dower of Caroline K. Miller, * * * and said Caroline K. Miller is hereby perpetually enjoined from asserting or claiming any dower or right of dower in or to said premises by reason of any interest heretofore in said premises had, possessed or claimed by her husband, the said George K. Miller."

Mr. CONSIDER H. WILLETT, for the appellants:

The application for a change of venue was within the statutory provisions concerning change of venue, and should have been granted. *McGoon* v. *Little*, 2 Gilm. 42; *Walsh* v. *Ray*, 38 Ill. 30.

When the conditions of the statute are complied with, the obligation to grant a change of venue is imperative. *Walsh* v. *Ray*, 38 Ill. 30; *Clark* v. *People*, 1 Scam. 117; *Insurance Co.* v. *Tolman*, 80 Ill. 106; *Barrows* v. *People*, 11 id. 121; *Insurance Co.* v. *Mehlman*, 48 id. 316.

No statute of limitations runs against an inchoate dower right, because no right of action has accrued. Wood on Limitations, 254, 584.

An adverse possession, during the life of the husband, for such time as would defeat his title, will not affect the rights of his widow. Scribner on Dower, (2d ed.) 579; *Durham* v.

*Angiers,* 20 Me. 242; *More* v. *Frost,* 3 N. H. 126; *Harp* v. *McCollum,* 28 Ga. 428.

The statute will not bar dower until the expiration of seven years from the husband's death. *Higgins* v. *Crosby,* 40 Ill. 260; *Steele* v. *Gellatly,* 41 id. 39.

The dowress is not required to pay taxes while the party holding general title is in possession. *Stowe* v. *Steele,* 114 Ill. 382; *Higgins* v. *Crosby,* 40 id. 260.

As to the nature of the inchoate right of dower, see *Stowe* v. *Steele,* 114 Ill. 482; *Summers* v. *Babb,* 13 id. 483; *Blain* v. *Harrison,* 11 id. 384; *LaFramboise* v. *Grow,* 56 id. 197; *Hoots* v. *Graham,* 23 id. 81; *Reynolds* v. *McCurry,* 100 id. 356.

A tax deed is void if no notice is personally served upon the person in whose name the land is taxed or specially assessed, if he resides in the county. *Holbrook* v. *Fellows,* 38 Ill. 440; *Barnard* v. *Hoyt,* 63 id. 341.

Mr. JOHN MAYNARD HARLAN, and Mr. GEORGE W. SMITH, for the appellee:

The want of notice of the application for change of venue was a sufficient ground for denying the same. Rev. Stat. chap. 146, secs. 5, 6; *Hunt* v. *Tinkham,* 21 Ill. 639; *Kelly* v. *Downs,* 29 id. 74; *Utley* v. *Burns,* 70 id. 162; *Richards* v. *Greene,* 78 id. 525; *Hudson* v. *Hanson,* 75 id. 198.

The affidavit made for the issue of the tax deed states that the premises were not assessed in any name, and that the land was vacant. The application and accompanying affidavits show a *prima facie* compliance with the law then in force. It will be presumed that the clerk, in issuing the tax deed, complied with the law. Broom's Legal Maxims, 944; *Bank* v. *Dandridge,* 12 Wheat. 69.

A quitclaim deed is color of title under section 6 of the present Limitation law, known as that of 1839. *Holloway* v. *Clark,* 27 Ill. 483; *Safford* v. *Stubbs,* 117 id. 394.

So is a tax deed, regular on its face. *Stubblefield* v. *Borders*, 92 Ill. 284; *Woodward* v. *Blanchard*, 16 id. 433; *Dawley* v. *Van Court*, 21 id. 460; *Coleman* v. *Billings*, 89 id. 190; *Rawson* v. *Fox*, 65 id. 207.

Where the bar of the Statute of Limitations becomes complete, the party may use his title acquired under the act, either offensively or defensively. *Hinchman* v. *Whetstone*, 23 Ill. 190; *Paullin* v. *Hale*, 40 id. 275; *McDuffee* v. *Sinnott*, 119 id. 449.

It has been repeatedly held by this court, that dower, as well as any other interest in land, may be barred under the act of 1839. *Stowe* v. *Steele*, 114 Ill. 386; *Owen* v. *Peacock*, 38 id. 33; *Steele* v. *Gellatly*, 41 id. 42.

The doctrine of the cases of *Higgins* v. *Crosby*, 40 Ill. 260, and *Steele* v. *Gellatly*, *supra*, has been overruled in *Castner* v. *Walrod*, 83 Ill. 171, and *Enos* v. *Buckley*, 94 id. 458.

Mrs. Miller was able to pay the taxes, and thus prevent the running of the statute. *Emerson* v. *Clayton*, 32 Ill. 493; *Castner* v. *Walrod*, *supra*. .

Mr. Justice Craig delivered the opinion of the Court:

The cause, with others, was set for trial on June 26, 1889, but before the case was called for trial, the appellants filed a petition for a change of venue, on the alleged ground that the presiding judge was prejudiced against them. The court overruled the application, and this is the first error complained of. The petition was not dated, but it was sworn to on June 26, 1889, and it contains the allegation "that a knowledge of such prejudice did not come to petitioners until yesterday." We think the decision of the court in overruling the application for a change of venue was proper. The statute requires notice of the application to be given to the opposite party, and no notice whatever was given, although appellants knew of the prejudice at least one day before the application was made. They could at least have given one day's notice, and their fail-

ure to do so was a sufficient ground for the denial of the peti-
tion. *Hunt* v. *Tinkham,* 21 Ill. 639, is a case in point. The
fact that appellee appeared and resisted the application has
no bearing on the question. The appearance was no waiver
of the statutory requirement.

Before appellee was entitled to a decree, it devolved upon
him to prove title to the premises. This he claims to have
done, first, by introducing in evidence the proceedings under
which the land was sold in payment of the South Park special
assessment in 1877, followed by a tax deed in 1879, which it
is claimed passed paramount title; second, color of title, with
actual, open, notorious, adverse and exclusive possession under
such color of title, made in good faith, and payment of all
taxes legally assessed on the premises during a period of seven
years and more; third, two several judgments against said
George W. Miller, in the Superior Court of Cook county,—
one in favor of Victor K. Glass, and one in favor of Charles
R. Aughinbaugh; executions thereon, levy, sale and sheriff's
deeds to said appellee.

We do not regard the tax title as paramount title. The evi-
dence shows that in 1876 the premises were assessed in the
name of George W. Miller. The sale was made in 1877, and
deed was issued in 1879, but no notice showing a sale and the
time when the redemption would expire was served on Miller.
The statute requires notice to be served on the person in whose
name the land was taxed,—if a resident of the county,—as a
condition to obtaining a deed, and as this requirement of the
statute was not observed, the tax title can not be held to be
paramount title.

But while the tax deed to the South Park Commissioners,
and the deed from them to appellee, were not sufficient to pass
title, those deeds constituted color of title, and it appears from
the evidence that appellee entered into possession of the prem-
ises in 1879, under color of title, and remained in possession
for more than seven successive years, and during that period

paid all taxes assessed on the premises. The color of title thus established, with proof of possession and payment of taxes, clearly brought appellee within section 2 of the act of 1839, which is as follows: "Every person in the actual possession of lands or tenements, under claim and color of title made in good faith, and who shall, for seven successive years, continue in such possession, and shall also, during said time, pay all taxes legally assessed on such lands or tenements, shall be held and adjudged to be the legal owner of said lands or tenements, to the extent and according to the purport of his or her paper title. All persons holding under such possession, by purchase, devise or descent, before said seven years shall have expired, and who shall continue such possession, and continue to pay the taxes as aforesaid, so as to complete the possession and payment of taxes for the term aforesaid, shall be entitled to the benefit of this section." Rev. Stat. 1845, p. 104, sec. 8.

There is no controversy in regard to the fact that appellee entered into the possession of the land under color of title, and continued in possession and paid all taxes for more than seven successive years before the filing of the bill, and under the uniform decisions of this court his title to the premises was established as against George W. Miller, the former owner, and as to Miller it is apparent that the decree is correct. It appears, however, that after appellee went into the possession of the premises, Miller brought an action of ejectment against him to recover the possession of the property, and that the action was pending during a portion of the seven years wherein appellee paid the taxes to create the bar of the statute relied upon, and it is claimed that the payment of taxes can not be counted while the action was pending. It is a sufficient answer to the position assumed, that the statute has not provided for an exception of this character, and in the absence of a provision of the statute, courts have no right to make an exception by judicial construction. If the legislature had in-

tended that the running of the Statute of Limitations should be arrested while an action of ejectment was pending, it is manifest that it would have so declared.

Appellee also holds the paramount title under and by virtue of the judgments and execution sales aforesaid, and sheriff's deeds thereunder to him, said appellee. (See *Miller* v. *Pence,* 115 Ill. 576.) It will be observed, however, that the decree not only confirmed title in complainant as against Miller, but the decree went further, and confirmed in complainant the title in fee simple, free from any present or contingent interest in or inchoate right of dower of Caroline K. Miller, and it is insisted, that although the decree may be sustained as to Miller, it is erroneous as to his wife. It is apparent that Caroline K. Miller had no title to the land, as that term is ordinarily used. The statute had conferred upon her the right of dower in the premises, which, while her husband was living, was a mere intangible, inchoate, contingent expectancy, which she has no power whatever of asserting against her husband, or against any one who might acquire the land from or under him.

Whether possession under color of title, and payment of taxes, in conformity to the act of 1839, will bar the inchoate right of dower in lands of which the husband was seized during coverture, before the death of the husband, is a question not entirely free from difficulty. There is no doubt but the statute of 1839 may be interposed as a bar to a claim of dower brought by a widow, where the seven years named in the act has run after the death of the husband, as was first held in *Owen* v. *Peacock,* 38 Ill. 33. But that case is predicated on the principle, that upon the death of the husband the widow has a right of action to recover dower, and if she neglects and fails to assert that right until the Statute of Limitations has run, she will be barred on account of her own neglect. In *Steele* v. *Gellatly,* 41 Ill. 39, where the husband had not been dead seven years at the filing of the petition, the rule announced

in *Owen* v. *Peacock* was approved, but it was held that the statute does not commence to run against the right of dower until a right of action therefor has accrued to the claimant, which can not be until she becomes discovert. During the lifetime of the husband the wife has an inchoate right of dower, but this inchoate right can not be asserted against an adverse possession until it has become consummate by the death of the husband. The decision was not predicated on the ground that a married woman rested under a disability, and on that account was excused from asserting her right, but on the ground that no legal power existed to assert the right. In discussing the question, it is said: "The case we are considering is not one of technical disabilities, in the ordinary sense of that term, where the person having the right has also the legal power to assert it in the courts, but are excused on account of infancy or coverture, but it is one where the claim sought to be barred has been in such position that it could not be asserted by any one." The same principle is announced in *Higgins* v. *Crosby*, 40 Ill. 260.

It is conceded in the argument that the two cases last cited fully sustain the position of appellants, but it is insisted that the doctrine of those cases has been overruled by *Castner* v. *Walrod*, 83 Ill. 171, and *Enos* v. *Buckley*, 94 id. 458. In *Castner* v. *Walrod* the defense interposed was seven years' adverse possession by actual residence, under a connected title deducible of record, under the Statute of Limitations, known as the act of 1835; but the complainants in the bill, to avoid the defense, relied upon the fact that the complainants were under the disability of coverture, and as the statute, by its terms, did not run against a person under the disability of coverture, they sought to recover on that ground. In deciding the case, it was held that the saving clause in favor of married women, in the Limitation law of 1835, was abrogated by the Married Woman's act of 1861.

*Enos* v. *Buckley* was ejectment, brought by a married woman and her husband, to recover a certain tract of land which had been in the possession of the defendants under color of title for more than seven years, while defendants had paid all taxes for a like period. Under these facts, the act of 1839 was relied upon as a bar to a recovery. There is an exception in the act, to the effect that it shall not extend to lands held by a *feme covert,* and it was claimed that the plaintiff was within the exception, and hence that the statute was not a bar. But, following the rule announced in *Castner* v. *Walrod,* the court held, that since the passage of the Married Woman's act of 1861, the saving clause in favor of married women in the act of 1839 has no force, and the statute since that time applies against a married woman equally as against a person under no disability.

We fully indorse the law as declared in the two cases, and adhere to all that was decided therein. But we do not regard *Steele* v. *Gellatly* as overruled by either of those cases. The question in the *Steele case* was not one of disability,—nor is that the question here. Caroline K. Miller, strictly speaking, has no estate in the premises; nor does she claim an exemption under any saving statute because she is a *feme covert.* She has a mere inchoate dower right—an expectancy. This right, during the life of her husband, can not be asserted. Should she die before her husband, the right is extinguished. It can not be transmitted by will or the laws of descent. It is one that she can not transfer by sale. She may relinquish it to the owner of the fee in the mode pointed out in the statute, but it can not be sold on execution. Is such a right barred by the act of 1839? We think not. When a person goes into the possession of a tract of land with color of title, and remains in possession for seven successive years, and pays all taxes assessed on the land, he may invoke the aid of the statute as a bar to a recovery in favor of a person holding the paramount title to the land, whether such holder may be un-

der the disability of coverture or not. The statute works no hardship. The owner of the paramount title can arrest the running of the statute at any time by bringing his action. If he lies by and allows the occupant to hold the land until the statutory bar becomes complete, it is his own fault. Not so, however, in a case of this character. Here, Mrs. Miller has no right or title which can be enforced while the husband lives. She can bring no action to arrest the running of the statute. She is powerless, and can do nothing to protect herself, and yet it is said, notwithstanding all this, the statute will run, and bar her rights. It would certainly be very unjust to give the statute such a construction, and we are not inclined to do so.

It is also said that Mrs. Miller might have prevented the running of the statute by paying the taxes herself. She did not own the land, and was under no obligation whatever to pay taxes upon it. It would be very unjust to require her to pay the taxes on the entire tract of land to protect her inchoate right of dower in a portion of the land, and we do not think the statute ever contemplated that she should do such an unreasonable act to protect her rights. Moreover, she could not know that she would survive her husband, and it would be very unreasonable to require her to pay taxes which she never could recover back, and where there was no assurance that she would in the end have a vested interest in the land.

We think the decree erroneous as to Caroline K. Miller, and as to her it will be reversed, but as to George W. Miller it will be affirmed.

*Decree reversed in part and in part affirmed.*