THE BUCKINGHAM CORPORATION, Plaintiff-Appellee, v. MODERN LIQUORS, INC. et al., d/b/a Foremost Liquors, Defendants-Appellants.

(No. 57832;

First District (4th Division)—December 19, 1973.

Allen H. Schultz, of Chicago, for appellants.

Morton Siegel, of Chicago (Kenneth S. Freedman, of counsel), for appellee.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Cook County. The defendants, Modern Liquors, Inc., and Monarch Liquors, Inc., both

doing business as Foremost Liquors, were found guilty of contempt of court for violating an injunction issued by the Circuit Court of Cook County. Each defendant was fined $500.00.

The issues presented on appeal are: (1) whether the court erred in refusing to grant defendants' petition for a change of venue; (2) whether the injunction order issued in this cause specifically advised the defendants of the precise conduct enjoined; (3) whether the propriety of the injunction is open to question upon a citation for contempt; (4) whether plaintiff's failure to prove monetary damages is fatal to a finding of contempt; (5) whether plaintiff alleged and proved the defendants had knowledge of the injunction order; (6) whether the court erred in granting the plaintiff leave to file a petition for costs and attorney's fees; and (7) whether the proceedings in this cause properly complied with the requirements of due process of law.

Plaintiff, a Delaware corporation, filed a verified complaint for injunctive relief. The complaint alleged a violation by the defendants of plaintiff's fair trade agreement executed in accordance with the provisions of sections 1—4 of the Illinois Fair Trade Act (Ill. Rev. Stat. 1971, ch. 121½, §§ 188-191). Defendants filed a verified answer which either denied or demanded strict proof of all material allegations. Defendants also filed affirmative defenses. Plaintiff filed a reply. After an evidentiary hearing on the merits of the case, the trial court ordered the issuance of a permanent injunction, enjoining the defendants from selling Cutty Sark Scotch Whisky at less than the minimum retail fair trade price then or thereafter established for said product. The defendants appealed. While the case was pending in the Appellate Court, plaintiff filed a petition for rule to show cause, which alleged that the defendants advertised and sold plaintiff's products in violation of the injunction order. The cause was set for hearing on April 27, 1972, at 10:30 A.M. At 3:50 P.M. on April 26, 1972, the defendants' attorney delivered to plaintiff's attorney a notice of motion and a petition for a change of venue, to be presented to the court the following morning. At 10:00 A.M. on April 27, 1972, defendants presented the petition for a change of venue to the court. The petition was denied by the court. Subsequent to its denial of defendants' petition for a change of venue, the trial court issued a rule to show cause upon the defendants. On May 17, 1972, a finding of contempt was made against the defendants and each was fined $500.00.

The defendants' first contention is that the court erred in refusing to grant defendants' petition for a change of venue. In support of this contention the defendants rely on the decision in *Stark v. Roussey* (1972), 5 Ill.App.3d 665, wherein the Appellate Court held that a litigant has

an absolute right to a change of venue when his petition is duly made, verified and filed in accordance with the statute.

The defendants' contention is not well taken. The plaintiff was notified at 3:50 P.M. on April 26, 1972, that defendants' counsel would present a petition for a change of venue to the court at 10:00 A.M. on the following morning. The requirement of notice of an application for a change of venue is set forth in Ill. Rev. Stat. 1971, ch. 146, § 5, which reads as follows:

> "The application may be made to the court in which the case is pending, reasonable notice thereof having been given to the adverse party or his attorney."

■■ In *Hutson v. Wood* (1914), 263 Ill. 376, the plaintiff served notice on the defendant's counsel at 4:20 P.M. on the day prior to the presentation of a petition for change of venue to the court. In ruling on the lack of reasonable notice in this instance, the Supreme Court held:

> "The right to a change of venue is absolute where a party brings himself within the provisions of the statute, but the statute requires reasonable notice, and what is reasonable notice is left to the discretion of the judge to whom application is made in the particular case, and this discretion will not be interfered with unless abused  *  *  *. The notice was not served until late in the afternoon and the case was set for hearing the next day. Whether so short a notice was reasonable was a question to be determined by the court in view of all the circumstances, and we can not say that he abused his discretion in this regard."

The trial judge's determination in the instant case that the defendants' notice to plaintiff was unreasonable does not constitute an abuse of his discretion.

The second contention of the defendants is that the injunction order issued in this cause did not specifically advise the defendants of the precise conduct enjoined. The defendants base this contention on Ill. Rev. Stat. 1971, ch. 69, § 3—1, which in pertinent part states:

> "Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained;  *  *  *."

The defendants argue that the injunction order in question was unenforceable because it failed to include the minimum fair trade prices of Cutty Sark Scotch Whisky.

■■ We do not agree with the defendants' contention. The injunction

order issued by the trial court reads, in pertinent part, as follows:

"A. That the Defendants, * * * are hereby jointly, severally and permanently enjoined and restrained from willfully and knowingly advertising, offering for sale or selling the products of The Buckingham Corporation, to wit, Cutty Sark Scotch Whisky, in Illinois, at a price or prices less than the price or prices stipulated by Plaintiff from time to time pursuant to the aforementioned Fair Trade Agreement under the authority of the Fair Trade Act of the State of Illinois, i.e., Chapter 121½, Sections 188 through 191, of the Illinois Revised Statutes, which stipulated minimum Fair Trade prices are currently as follows: $30.95 per Gallon, $15.75 per half-gallon, $8.25 per Quart, $6.59 per Fifth, $3.85 per Tenth and $2.35 per Half-Pint; * * *."

The minimum fair trade prices of Cutty Sark Scotch Whisky were specifically set forth in the injunction order in compliance with the requirements of Ill. Rev. Stat. 1971, ch. 69, § 3—1. The totality of the prohibition was contained within the four corners of the order. The defendants were clearly advised of the precise conduct enjoined.

The defendants' third contention is that the plaintiff's failure to prove fair and open competition at the original trial prohibited plaintiff from enforcing the injunctional order.

■■ The defendants' contention is not well taken. To allow the defendants to raise this argument affords them the opportunity of collaterally attacking the original trial court proceeding, as well as permitting them to test the validity of the injunction by non-compliance. The well-established principle of law on this subject holds that in a proceeding for the violation of an injunction, the decree for injunction, if rendered by a court having jurisdiction, is not subject to collateral attack. (*Hoeffken v. Belleville Trades & Labor Assembly* (1923), 229 Ill.App. 28.) In *People v. Lee* (1924), 311 Ill. 552, the Illinois Supreme Court held that where the circuit court has jurisdiction to grant an injunction, then in a proceeding for contempt, the only issue involved is whether the injunction has been violated. The trial court in the instant case had jurisdiction to issue the injunction order. Unless and until said order is vacated, the defendants have no choice but to respect the authority of the trial court by obeying its order.

Defendants' fourth contention is that the plaintiff failed to prove monetary damages in its petition. Defendants rely on the decision in *Rothschild v. Boston Store of Chicago* (1920), 219 Ill.App. 419, wherein the appellate court held that in a proceeding to punish a party for the breach of an injunction, the party complaining must not only show a breach, but must also show that he has in some way been injured.

■■ We do not agree with the defendants' contention. A determination of monetary damages is unnecessary to support a finding of contempt for violation of a fair trade injunction. Illinois Revised Statutes 1971, ch. 121½, § 189, creates a cause of action for unfair competition where there is a sale of the subject commodity at less than the fair trade price. Proof of a violation of an injunction issued pursuant to the authority of the statute is, in and of itself, proof of damages to the fair traded commodity. As stated in *Sunbeam Corp. v. Central Housekeeping Mart* (1954), 2 Ill.App.2d 543:

> "We shall not pass upon the correctness of the finding that plaintiff would suffer irreparable damage. Suffice to say that allegation and proof of violation of Sec. 2 of the Illinois Fair Trade Act would be enough to show an assault on plaintiff's good will."

In the case at bar, the plaintiff's petition alleged that plaintiff had suffered irreparable damage and substantial expense. We believe it was not necessary for plaintiff to prove monetary damages.

The defendants' fifth contention is that the plaintiff failed to allege and prove the defendants had knowledge of the injunction order. The defendants base this contention on 12 I.L.P. § 32, which states that:

> "As a general rule, a person is not in contempt of court for not complying with a court order of which he has no knowledge, and the order should be served personally on the person to be charged." (Citing *Bonner v. People* (1890), 40 Ill.App. 628.)

■■ We believe the defendants had personal knowledge of the injunction order. The record indicates that the defendants were represented by counsel at the original trial, and the sales manager for the defendants was present and testified at length during the trial. 12 I.L.P. § 32, which the defendants cite as their authority, also states that:

> "[K]nowledge [of a court order] is sufficiently shown where it appears that the one sought to be held in contempt was present in court and heard the order when it was given." (Citing *Gardner v. People* (1902), 100 Ill.App. 254.)

The defendants, by and through their counsel and sales manager, were present in court in the case at bar. They cannot now claim ignorance of the injunction order.

The sixth contention of the defendants is that the court erred in granting the plaintiff leave to file a petition for costs and attorney's fees. The defendants rely primarily on the case of *People ex rel. Henderson v. Redfern* (1968), 104 Ill.App.2d 132, wherein the appellate court stated that the assessing of attorneys' fees against the losing party rests wholly upon statutory or contractual authority. Defendants argue that there is no statute in Illinois which provides for the assessment of attorneys'

fees against an unsuccessful litigant in contempt proceedings.

We do not agree with the defendants' contention. The portion of the order which granted the plaintiff leave to file a petition for costs and attorney's fees did not determine any rights. No final judgment was made by the trial court as to the issue of costs and attorney's fees. In the case of *Laterza v. Murray* (1954), 2 Ill.2d 219, the Illinois Supreme Court stated:

> "It is finally insisted that the court erred in allowing attorney's fees to plaintiff Michael Laterza. Examination of the decree discloses that the court reserved jurisdiction for the purpose of an accounting between the parties for proof of fees to be allowed the plaintiff's attorney as and for his attorney's fees and for costs and expenses incurred by Plaintiff. * * * Since no allowance was ordered, and determination of the matter was reserved in the circuit court, there is nothing for this court to review in this respect."

In the instant case, the issue of costs and attorney's fees is not ripe for review by this court.

The defendants' final contention is that the issuance of the rule to show cause without an evidentiary hearing was violative of their right to due process of law. Defendants cite the case of *Philippe v. Window Glass Cutters League of America* (1951), 99 F.Supp. 369, wherein the court held that the basic requirements of due process, notice and hearing, should be followed in civil contempt cases.

■■ We believe the proceedings in the instant case properly complied with the requirements of due process of law. Plaintiff initiated this cause by filing a petition, after service of proper notice. Counsel for the defendants appeared in court and was given ten days in which to reply to plaintiff's petition. On April 28, 1972, the trial court issued a rule to show cause, ordering the defendants to appear in court on May 11, 1972, to show cause why they should not be adjudged guilty of contempt of court. Contrary to the defendants' contention, the proceeding in this cause was in full compliance with the requirements of due process of law.

For the reasons stated herein, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

ADESKO and JOHNSON, JJ., concur.