ANTHONY INTINI, III, Plaintiff-Appellant, *v.* HAROLD S. SCHWARTZ, Defendant-Appellee.

First District (4th Division)    No. 78-1709

Opinion filed October 25, 1979.

Angelo D. Mistretta, of Chicago, for appellant.

Harold T. Berc, of Chicago, for appellee.

Mr. PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

The plaintiff, Anthony Intini III, appeals from an order of the circuit court of Cook County denying Intini's petition for change of venue, granting defendant Harold S. Schwartz's motion to dismiss the complaint for specific performance, and denying Intini's oral motion for leave to file an amended complaint. Intini contends that the court committed reversible error by denying his petition for change of venue based on fear of prejudice of the trial judge and that therefore the subsequent rulings granting Schwartz's motion to dismiss and denying Intini's motion to file an amended complaint are void. Intini further contends that even if the order denying change of venue is upheld, the trial court committed reversible error when it dismissed the complaint on Schwartz's motion and denied plaintiff's motion to file an amended complaint where the court made no finding that any proposed amendment would fail to state a cause of action. Intini does not argue that his complaint for specific performance was not susceptible to Schwartz's motion to dismiss.

On June 23, 1978, Intini filed a complaint for specific performance of an option allegedly provided in a lease agreement between him and Schwartz. On August 9, 1978, Schwartz filed a motion to dismiss the complaint. It stated in part that the alleged option did not provide a legally sufficient price term.

On August 14, 1978, the motion to dismiss was noticed for hearing and was set over to August 15, 1978. On August 15, 1978, the trial court recited the matters set forth in the complaint and in the motion to dismiss and asked Schwartz's counsel for argument. Counsel for Schwartz expressed his intention to confine his argument to one of the grounds set forth in the motion to dismiss and began his argument on that point.

The court stated that such argument was not necessary as it had read the pleadings and was familiar with the law on the issue and then asked counsel for Intini for argument. Intini's counsel presented argument on another ground set forth in the motion to dismiss, and the trial court questioned him on that issue. The court interrupted to request a conference in chambers. After the conference the hearing was continued to August 29, 1978.

While there is no transcript of the conference of August 15, 1978, the transcript of the August 29, 1978, hearing makes clear that at the August 15 hearing the court allowed a two-week continuance in order for the plaintiff to do research to support his position. From this transcript it appears that the conference was attended by Intini and his counsel but that Schwartz was neither present nor represented.

At the August 29 hearing the court recited the matters set forth in the complaint and motion to dismiss. Immediately thereafter the plaintiff moved to present a petition for change of venue. The petition contained a general allegation of fear of prejudice of the trial judge and stated that this prejudice first came to Intini's attention on August 14, 1978.

The court asked the defendant for his response and he began to argue against granting the change. However, the court interrupted and asked plaintiff's counsel whether notice of the petition for change of venue had been given. Upon learning that notice was not given, the court immediately denied the petition.

The court then inquired as to whether the plaintiff had found any law to support his position on the motion to dismiss. Upon learning that he had not, the court sustained the motion to dismiss and struck the complaint.

Counsel for the plaintiff then made an oral motion for leave to file an amended complaint within 28 days. No proposed amendment was presented, either oral or written. In response to inquiries of the court, counsel for the plaintiff said the facts were as stated in the original complaint and could offer no legal theory on which he intended to base an amended complaint. The court denied leave to file an amended complaint.

The parties agree that the rule in Illinois is that a petition for change of venue filed in compliance with the statute (Ill. Rev. Stat. 1977, ch. 110, par. 501 *et seq.*) gives rise to an absolute right to a change of venue. (*Rosewood Corp. v. Transamerica Insurance Co.* (1974), 57 Ill. 2d 247, 311 N.E.2d 673.) Resolution of this appeal turns on whether Intini's motion was in compliance with the statutory requirements of timeliness and reasonable notice.

The statute provides in part:

"A change of venue in any civil action may be had in the following situations:

(1) * * *

(2) Where any party or his attorney fears that he will not receive a fair trial in the court in which the action is pending, because * * * the judge is prejudiced against him, or his attorney * * *. In any such situation the venue shall not be changed except upon application, as provided in this Act, or by consent of the parties."

The statute also describes the timeliness requirement of an application:

> "A petition for change of venue shall not be granted unless it is presented before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case * * *." Ill. Rev. Stat. 1977, ch. 110, par. 503.

Place of application and notice are provided for as follows:

> "The application may be made to the court in which the case is pending, reasonable notice thereof having been given to the adverse party or his attorney." Ill. Rev. Stat. 1977, ch. 110, par. 505.

■■ The right to a change of venue is absolute where a party complies with the requirements of the statute, but the statute does require reasonable notice. What is reasonable notice under the statute depends upon the circumstances of each particular case (*Anderson v. City of Wheaton* (1975), 25 Ill. App. 3d 100, 323 N.E.2d 129), and in the absence of abuse of discretion the ruling of the trial judge as to sufficiency of notice will not be disturbed on appeal. *Hutson v. Wood* (1914), 263 Ill. 376, 105 N.E. 343; *Buckingham Corp. v. Modern Liquors, Inc.* (1973), 16 Ill. App. 3d 534, 306 N.E.2d 655.

■■ In the instant case the alleged prejudice came to the attention of the plaintiff on August 14, 1978. Although all the parties were present at and participated in court proceedings on the next day, the plaintiff at that time gave no notice to the defendant of his intention to petition for change of venue. Fourteen more days passed before the petition was filed and the plaintiff still had not given notice to the defendant. There seems to have been ample opportunity to give notice and the record reveals nothing that would explain or excuse the plaintiff's failure to do so. Whether this lack of notice was reasonable under the circumstances was a question to be determined by the trial judge and we cannot say he abused his discretion in this regard.

The plaintiff's motion for change of venue also failed to meet the statutory requirement of timeliness. He asserts that the petition was made before the court had made any rulings and that therefore it was made in apt time. However, the rule that a request for change of venue be timely filed requires more than that it be made before the court has ruled.

■■ One of the statutory timeliness requirements for an absolute right to change of venue is that the petition be presented before the hearing begins. (Ill. Rev. Stat. 1977, ch. 110, par. 503.) In the case at bar, the hearing on the motion to dismiss was commenced and arguments were heard from both sides on August 15, 1978. The hearing was continued to August 29. Although the prejudice of the trial judge was learned of on August 14, no petition for change of venue was presented until August 29. Since the plaintiff did not present the petition until after the hearing had

begun, he failed to comply with the statutory requirement of timeliness and the petition was therefore properly denied.

■■ The plaintiff correctly asserts that orders entered subsequent to the improper denial of a petition for change of venue are null and void. (*Board of Education v. Morton Council, West Suburban Teachers Union* (1972), 50 Ill. 2d 258, 278 N.E.2d 769; *Anderson v. City of Wheaton* (1975), 25 Ill. App. 3d 100, 323 N.E.2d 129.) However, this rule is inoperative in the instant case as the petition for change of venue was properly denied.

The plaintiff next contends that the trial court's dismissal of the complaint and denial of leave to amend was reversible error because the court made no finding that any proposed amendments would fail to state a cause of action.

■■ Section 46 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 46) provides in substance that pleadings may be amended at anytime prior to trial. While this section is to be liberally construed in favor of allowing amendments, it is well settled that parties do not have an absolute right to amend. (*Hassiepen v. Marcin* (1974), 22 Ill. App. 3d 433, 318 N.E.2d 162.) Rather, granting or denying leave to amend is a matter within the discretion of the trial judge, and his decision will not be disturbed on appeal except where there is a clear or manifest abuse of that discretion. *Deasey v. City of Chicago* (1952), 412 Ill. 151,105 N.E.2d 727; *Stevenson v. Maston* (1969), 107 Ill. App. 2d 65, 246 N.E.2d 38.

■■ ■ There is no presumption that a proposed amendment will be a proper one and it is not error to refuse to allow an amendment that has not been presented when there are no means of determining whether or not it will be proper and sufficient. (*Old Salem Chautauqua Association v. Illinois District Council of the Assembly of God* (1958), 13 Ill. 2d 258, 148 N.E.2d 777.) Rather, before a trial judge can be deemed to have abused his discretion the record must disclose that reasons or facts were presented to the trial judge as a basis for requesting the favorable exercise of the trial judge's discretion. (*Hassiepen; Stevenson.*) The materiality of the amendment must either be apparent from the proceedings or made apparent to the trial judge. *Deasey; Stevenson.*

■■ In the case at bar the plaintiff did not present the proposed amended pleadings or in any way indicate how he intended to cure the defects in the original complaint. In response to inquiries of the court he said the facts were as stated in the original complaint and could offer no legal theory on which he intended to base an amended complaint. No facts or reasons were presented to the trial judge as a basis for requesting leave to amend, the materiality of the amendment was neither apparent from the proceedings nor made apparent to the trial judge, and, the record reveals no means whatever of determining whether or not the amendment would

be proper and sufficient. Therefore, we hold that the trial judge did not abuse his discretion in denying leave to amend.

In addition to cases setting forth the general law on granting leave to amend, the plaintiff cites only *People ex rel. Hammer v. Board of Education* (1970), 130 Ill. App. 2d 592, 264 N.E.2d 420, in support of his contention that the denial of his request to amend was improper. In *Hammer* the court held that the denial of a petition for leave to amend was improper where the trial court made no finding that any proposed amendment would fail to state a cause of action. The plaintiff in the instant case contends that as the court made no such finding its denial of his petition must be reversed.

The *Hammer* case is not controlling. Unlike Intini, the plaintiff in *Hammer* presented to the court the theory on which he intended to base his amendment. A recent decision had given the plaintiff legal rights which were not operative at the time the original complaint was filed. In the instant case the plaintiff neither presented the amended pleading itself nor in any way indicated how it would cure the defects in the original complaint.

For the reasons expressed herein the judgment of the circuit court is affirmed.

Affirmed.

JOHNSON and ROMITI, JJ., concur.