MELVYN M. WEISBERG, Plaintiff-Appellant, v. KENNETH E. PICKENS, Defendant-Appellee.

First District (1st Division)   No. 1—88—3552

Opinion filed December 29, 1989.

BUCKLEY, J., dissenting.

Donald L. Johnson and Steven R. Hansen, both of Chicago, for appellant.

Timothy J. Cassidy, of Peoria, for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:

This action involves a complaint filed on December 18, 1984, in which plaintiff alleged that in October 1983, he and defendant entered into an oral contract in Illinois whereby, if plaintiff were to obtain an acceptable party to provide financing for defendant's business project, defendant would pay plaintiff 4% of the amount of financing provided. Plaintiff further alleged that he was instrumental in procuring an individual who made a loan of approximately $300,000 to defendant's project and arranged for an additional loan of approximately $4 million, thus entitling him to a fee of 4% of all monies obtained for defendant's business project by and through this individual.

On October 3, 1988, this cause was assigned for trial to Judge E.C. Johnson, but defendant's attorney was unaware that trial was to commence on that date, and the matter was continued to October 19, 1988. On that date defendant filed a motion for a continuance. The trial court granted defendant's motion and continued the trial date until November 7, 1988. On October 31, 1988, defendant filed a motion for summary judgment and a motion for leave to file an affirmative defense; a hearing on these motions was set for November 4, 1988.

On November 4, 1988, defendant was prepared to argue his motion for summary judgment, but plaintiff objected, stating that he had not received notice of the motion. Plaintiff then offered a written motion for change of venue based on his fear of judicial prejudice. When asked to explain why he waited to file the motion until the trial date had been set, plaintiff stated that several days earlier defendant's counsel told him that he had made a telephone call to Judge Johnson

and intended to present a motion for summary judgment on November 4, 1988. The court set a hearing on plaintiff's motion for November 7, 1988.

On November 7, 1988, the trial court expressed concern that the motion, filed so shortly before trial, was not genuinely based upon a belief that a fair trial was uncertain but was advanced for the purpose of delay. The court also noted that plaintiff had failed to provide defendant with any notice or any other communication to inform the opposing party that the motion for change of venue was to be presented. The trial court then denied plaintiff's motion as untimely because it was not presented until the day before trial, although there had been ample opportunity to present it earlier, and it was presented without notice to the opposing party. When plaintiff, however, persisted in his motion for change of venue and would not participate in a trial, the trial court dismissed the action for failure to prosecute.

Plaintiff now contends that the trial court erred in denying his petition for change of venue where the petition was timely filed and complied with statutory requirements. Plaintiff also argues that the dismissal for want of prosecution was a void order in that it followed an improper denial of a petition for change of venue. Defendant counters that plaintiff's petition was not timely filed and that plaintiff failed to comply with the statutory requirement that reasonable notice of the petition be given to the adverse party.

Section 2–1001 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, pars. 2–1001(a)(2), (c), (e)) provides, in pertinent part, that a change of venue in a civil action may be had:

> "Where any party or his or her attorney fears that he or she will not receive a fair trial in the court in which the action is pending, because *** the judge is prejudiced against him or her ***. In any such situation the venue shall not be changed except upon application, as provided herein, or by consent of the parties.
>     ***
> (c) Every application for a change of venue by a party or his or her attorney shall be by petition *** [and] *** shall not be granted unless it is presented before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case ***.
>     ***
> (e) The application may be made to the court in which the case is pending, reasonable notice thereof having been given to the adverse party or his or her attorney."

■ Provisions of section 2—1001 are to be liberally construed in favor of granting a change of venue, particularly where judicial prejudice is charged. (*Oberman v. Byrne* (1982), 104 Ill. App. 3d 1046, 433 N.E.2d 1024.) Generally, a litigant has an absolute right to a change of venue where his motion alleging prejudice of the trial court meets statutory requirements. *Intini v. Schwartz* (1979), 78 Ill. App. 3d 575, 397 N.E.2d 84; *Roherty v. Green* (1965), 57 Ill. App. 2d 362, 206 N.E.2d 756.

However, it is well settled that a trial court may deny a motion for a change of venue if reasonable notice has not been given to the adverse party, and what constitutes reasonable notice depends on the circumstances in each case. (*Anderson v. City of Wheaton* (1975), 25 Ill. App. 3d 100, 323 N.E.2d 129.) Furthermore, the determination of whether reasonable notice has been given is left to the discretion of the trial court, and absent an abuse of that discretion, the trial court's ruling on the sufficiency of notice will not be disturbed on appeal. *Intini v. Schwartz*, 78 Ill. App. 3d at 575.

In *Buckingham Corp. v. Modern Liquors, Inc.* (1973), 16 Ill. App. 3d 534, 306 N.E.2d 655, defendant's attorney delivered a notice of motion and a petition for a change of venue to the plaintiff's attorney on the day before trial was scheduled. At 10 a.m. the following day, the defendants presented the petition to the trial court, and the court denied the petition. On appeal, defendants argued that the trial court had erred in denying the petition because a party has an absolute right to a change of venue where his petition is duly made, verified and filed in accordance with statute. This court affirmed the trial court, finding that its determination that the notice was unreasonable was not an abuse of discretion. We noted that our supreme court reached a similar result in *Hutson v. Wood* (1914), 263 Ill. 376, 105 N.E. 343, where a plaintiff notified the defendant's attorney at 4:20 p.m. on the day before the petition for a change of venue was presented to the trial court. See also *Miller v. Pence* (1890), 132 Ill. 149, 23 N.E. 1030 (denial of a petition for a change of venue was affirmed where no notice was given to the adverse party although the moving party knew of the alleged prejudice at least one day before presenting the petition).

■ In the instant case, plaintiff supposedly learned of the alleged prejudice several days prior to his application for a change of venue, yet no notice whatsoever was provided to defendant. Accordingly, we find that under the circumstances of this case the trial court's denial of plaintiff's petition for a change of venue was not an abuse of discretion.

562

In light of our decision, we need not address plaintiff's remaining contention.

Judgment affirmed.

O'CONNOR, J., concurs.

JUSTICE BUCKLEY, dissenting:
I respectfully dissent.

When determining whether a litigant has complied with the statutory requirements which would entitle the litigant to an absolute right to change in venue without inquiry into the propriety of his petition asserting prejudice, the statutory requirements are to be liberally construed in order to effect rather than defeat a change of venue, particularly where judicial prejudice is charged. (*Frede v. McDaniels* (1976), 37 Ill. App. 3d 1053, 347 N.E.2d 259.) Defendant here has not disputed plaintiff's compliance with statutory requirements as to the form of the petition, and it is evident that plaintiff has also satisfied the statute's timeliness requirement by filing the petition before the trial court had ruled on any "substantial issue" in the case.[1] (See Ill. Rev. Stat. 1987, ch. 110, par. 2—1001(c).) The majority holds that the trial court here properly denied plaintiff's petition under the statutory requirement of reasonable notice to the adverse party. See Ill. Rev. Stat. 1987, ch. 110, par. 2—1001(e).

While the determination of a party's compliance with the reasonable notice requirement is dependent upon the circumstances in each particular case and should not be disturbed absent an abuse of discretion (*Intini v. Schwartz* (1979), 78 Ill. App. 3d 575, 397 N.E.2d 84; *Anderson v. City of Wheaton* (1975), 25 Ill. App. 3d 100, 323 N.E.2d 129), the instant circumstances indicate that the trial court abused its discretion in failing to liberally construe the notice provision to effect a change of venue. Unlike the cases cited by the majority, where notice was given within hours of the petition and scheduled hearing date

[1]The trial court had entered only two rulings prior to the petition for change of venue, a denial of plaintiff's motion for a default judgment and an allowance of defendant's motion for a continuance as to the scheduled trial date. Neither of these rulings renders the motion untimely under the statute, as neither relates to issues concerning the merits of the case or afforded plaintiff an opportunity to form an opinion that the court might treat his cause unfavorably. See *Stroller v. Paul Revere Life Insurance Co.* (1987), 163 Ill. App. 3d 438, 517 N.E.2d 5; *In re Custody of Peterson* (1984), 129 Ill. App. 3d 887, 473 N.E.2d 412, *rev'd on other grounds* (1986), 112 Ill. 2d 48, 491 N.E.2d 1150.

(see *Buckingham*, 16 Ill. App. 3d 534, 306 N.E.2d 655; *Hutson v. Wood* (1914), 263 Ill. 376, 105 N.E. 343), plaintiff presented the motion to the trial court and to defendant's counsel three days prior to the scheduled hearing date, having learned of the basis for the petition, the *ex parte* communication with the trial court, only a few days before presenting the petition. Furthermore, the record discloses that prior to filing his petition, plaintiff appeared ready for trial on two prior scheduled trial dates in which defendant failed to appear on one occasion and requested a continuance on the other. In my judgment, the trial court abused its discretion in finding under these circumstances that plaintiff had not satisfied the statutory notice requirement and therefore erred in denying plaintiff's absolute right to a change of venue.

Because any order entered subsequent to an improper denial of a change of venue is void (*Wheaton National Bank v. Aarvold* (1973), 16 Ill. App. 3d 193, 305 N.E.2d 541), I would reverse the orders of the circuit court denying the petition for change of venue and dismissing the case for want of prosecution and would remand the cause for further proceedings.