STEVEN R. DOBROFSKY, Plaintiff, v. RICHARD J. PRENDERGAST, LTD., Defendant-Appellee (Louis Wolf *et al.*, Defendants-Appellants; William J. Harte, Ltd., Defendant).

First District (1st Division) No. 1—88—2624

Opinion filed December 10, 1990.

Richard L. Hoffman, of Chicago, for appellants.

Richard J. Prendergast, Ltd., of Chicago (Richard J. Prendergast, James Prendergast, and Joseph E. Tighe, of counsel), for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:

In this interpleader action, defendants-appellants Louis Wolf, Joseph Berke and Benitta Berke appeal from the circuit court of Cook County's grant of summary judgment in favor of defendant-appellee Richard Prendergast, Ltd., regarding the payment of attorney fees for services rendered to defendants-appellants and denying defendant-appellant Joseph Berke's petition for change of venue. Defendants-appellants argue that the trial court erred in denying the petition for change of venue and in granting summary judgment regarding the contested fees. For the following reasons, we affirm.

The facts giving rise to this appeal are as follows. Defendant-appellee Prendergast is a law firm which had served as counsel for defendants-appellants in at least two matters in the circuit court of Cook County. In the first matter, defendants-appellants retained the services of defendant-appellee Prendergast and defendant William J. Harte, Ltd.[1] In the second matter, which concerned a professional malpractice claim arising from the prosecution of the first matter, defendants-appellants entered into a contingent fee agreement with Prendergast. This second matter was settled for $800,000 and later dismissed with prejudice in the circuit court.

Later, defendants-appellants refused to go forward with the terms of the settlement. The defendant in the second matter filed a motion to enforce the settlement. A hearing on the motion was held on April 28, 1988. The hearing was attended by defendants-appellants Joseph and Benitta Berke, plaintiff Steven Dobrofsky (who had filed an appearance for defendants-appellants after the settlement), and representatives from Prendergast, Harte, and the firm representing defendant in the second matter. At this time, those present reached an agreement which permitted the exchange of releases, negotiation of the settlement check and the disposition of the settlement funds. However, this agreement provided that the sum of $140,180 be held in escrow by plaintiff Dobrofsky. These funds represented attorney fees payable to Prendergast and Harte. Prendergast and defendants-appellants later made competing claims on these escrowed funds.

Plaintiff Steven Dobrofsky filed a complaint pursuant to the interpleader statute (Ill. Rev. Stat. 1987, ch. 110, par. 2—409) to settle these competing claims. Prendergast and Harte then filed their answer, counterclaim and third-party complaint. Plaintiff later successfully petitioned the court for a change of venue, and the case was reassigned to Judge O'Brien. On June 2, 1988, in the absence of Judge

---

[1]Defendant William Harte, Ltd., is not a party to this appeal.

O'Brien, Judge Shields entered an order which stated that the third-party complaint would be treated as a counterclaim and cross-claim. On June 24, 1988, in the absence of Judge O'Brien, Judge Green ordered plaintiff to deposit the escrowed funds with the clerk of the circuit court of Cook County.

Thereafter, on July 15, 1988, in the absence of Judge O'Brien, Judge Gillis set cross-motions for summary judgment and Prendergast's motion to direct payment of the funds for a hearing on July 21, 1988. At this hearing, defendant-appellant Joseph Berke presented a petition for change of venue pursuant to section 2—1001(a)(2) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1001(a)(2)), alleging fear of prejudice on the part of the judge. The court denied the petition, held that the interpleader action had been properly brought, awarded costs to plaintiff and allowed plaintiff to file a petition for attorney fees. Prendergast later obtained an amendment to the court's order in response to the clerk's request that the order specify the exact amount to be paid. After defendants-appellants' motion to reconsider was denied, they filed their notice of appeal.

The first issue on appeal is whether the trial court erred in denying defendant-appellant Joseph Berke's petition for a change of venue. Defendants-appellants argue that it was error to deny a petition which was timely filed and complied with the statutory requirements. Defendant-appellee contends that defendant-appellant did not comply with the statutory requirement that reasonable notice of the petition be given to the adverse party.

Section 2—1001 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, pars. 2—1001(a)(2), (c), (e)) provides that a change of venue may be granted:

"Where any party or his or her attorney fears that he or she will not receive a fair trial in the court in which the action is pending, because *** the judge is prejudiced against him or her ***. In any such situation the venue shall not be changed except upon application, as provided herein ***.
***
(c) Every application for a change of venue by a party or his or her attorney shall be by petition *** and *** shall not be granted unless it is presented before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case ***.
***
(e) The application may be made to the court in which the

case is pending, reasonable notice thereof having been given to the adverse party or his or her attorney."

■ The provisions of section 2—1001 are to be liberally construed in favor of granting a change of venue, especially in cases where judicial prejudice is alleged. (*Weisberg v. Pickens* (1989), 193 Ill. App. 3d 558, 549 N.E.2d 849; *Oberman v. Byrne* (1982), 104 Ill. App. 3d 1046, 433 N.E.2d 1024.) A litigant generally has absolute right to change venue where the motion alleges judicial prejudice and conforms to the statutory requirements. *Stoller v. Paul Revere Life Insurance Co.* (1987), 163 Ill. App. 3d 438, 517 N.E.2d 5; *Intini v. Schwartz* (1979), 78 Ill. App. 3d 575, 397 N.E.2d 84.

■ One such statutory requirement is that reasonable notice of the motion be given to the adverse party. A trial court may, in its discretion, deny a motion for change of venue if this requirement has not been met in a given case. (*Weisberg*, 193 Ill. App. 3d at 561, 549 N.E.2d at 860.) Absent an abuse of that discretion, this court will not disturb the trial court's ruling on the reasonableness of the notice. *Intini*, 78 Ill. App. 3d 575, 397 N.E.2d 84.

In the present case, the record does not contain a report of proceedings from the hearing on the motion. Consequently, this court has no basis for holding that the trial court abused its discretion in denying the motion. *Robinson v. Robinson* (1986), 140 Ill. App. 3d 610, 488 N.E.2d 1349.

Moreover, in *Weisberg v. Pickens* (1989), 193 Ill. App. 3d 558, 549 N.E.2d 859, this court discussed prior cases regarding the reasonableness of notice. For example, *Buckingham Corp. v. Modern Liquors, Inc.* (1973), 16 Ill. App. 3d 534, 306 N.E.2d 655, affirmed a finding of unreasonableness where the notice of motion and petition for change of venue was not presented to the adverse party until the day before trial. We also noted that in *Hutson v. Wood* (1914), 263 Ill. 376, 105 N.E. 343, our supreme court reached a similar result where notice was not given until the day before the hearing on the motion to the trial court.

■ This case falls within the scope of these precedents. There is no record of any attempt to notify defendant-appellee of the petition prior to the hearing itself. Accordingly, defendants-appellants have failed to demonstrate that the trial court erred in denying the petition for change of venue.

Defendants-appellants next argue that the trial court committed reversible error by simultaneously ruling both on whether the action was proper and on the right to possess the funds. They contend that the trial court must first hold a hearing to determine whether plain-

tiff's interpleader action was properly brought. This hearing would be required before ordering plaintiff to deposit the contested funds with the clerk and holding a hearing on the ultimate disposition of the funds.

Defendants-appellants cite *City National Bank & Trust Co. v. Dunham* (1940), 306 Ill. App. 354, 28 N.E.2d 812, in which this court stated:

> "We think that a mistake was made in the trial of this case by not following [supreme court] procedure by having a preliminary hearing to determine whether or not the bill of interpleader was properly filed and, if so, have the money deposited with the court so that it would be free to handle it and decree it and dispose of it while it was in its physical possession." *Dunham*, 306 Ill. App. at 362, 28 N.E.2d at 815.

A close examination makes it clear that this court was primarily concerned with the fact that the funds were never deposited with the court. The majority stated:

> "[W]e do not see how the court could consider this bill as a bill of interpleader. The money involved is still in the hands of the plaintiff, and no payment of the money has been made to the clerk of the court." (*Dunham*, 306 Ill. App. at 362, 28 N.E.2d at 815.)

The dissent argued:

> "Here the procedure was irregular in that no interlocutory decree was entered. *** The fact that the fund was not deposited is immaterial as no question is raised by anyone as to the availability of such fund when the rightful owner thereof is determined." *Dunham*, 306 Ill. App. at 364, 28 N.E.2d at 816 (Burke, J., dissenting).

In short, in *Dunham*, the failure to hold two hearings was reversible error because the court did not have control over the funds and therefore might have been unable to award them to the proper party.

By contrast, in the present case, the funds at issue were deposited with the clerk of the circuit court of Cook County pursuant to Judge Green's June 24, 1988, order. Therefore, the fact that the court ruled on both the propriety of the interpleader action and the issue of the possession of funds on July 21, 1988, was a mere informality, not an abuse of discretion.

The third and final issue on appeal is whether summary judgment was properly granted. On this issue, this court's function is to decide whether the trial court properly determined that there were no issues of material fact and that judgment for the moving party was

correct as a matter of law. *E.g., Futurevision, Inc. v. Dahl* (1985), 139 Ill. App. 3d 61, 487 N.E.2d 127.

Prendergast argues that he was entitled to the escrowed funds under the terms of a settlement agreement among the parties evidenced by a transcript dated April 28, 1988. The transcript contains discussion to the effect that Prendergast would be entitled to the funds after plaintiff met with the attorney for defendant in the second matter to ascertain that, as of the date that Prendergast became involved in the settlement negotiations, there had not been a settlement offer in excess of $100,000. Defendants-appellants, however, argue that a material issue of fact is created by plaintiff's answer and affidavit in opposition to summary judgment, in which plaintiff states that the transcript is incomplete because more than one party was speaking at once and because the funds were not to be paid until there was full disclosure by Prendergast.

■■ ■ To defeat a motion for summary judgment, an opposing affidavit must recite facts which support the elements of its claim; mere conclusions or statements on information and belief are insufficient. (*E.g., Brewer v. Daubert Chemical Co.* (1979), 72 Ill. App. 3d 718, 391 N.E.2d 110.) Here, neither plaintiff nor defendants-appellants have indicated in what respect the transcript is incomplete. It thus follows that neither party has demonstrated that the trial court erred in granting the motion.

For the aforementioned reasons, the judgment of the trial court is affirmed and remanded for further proceedings consistent with this opinion.

Judgment affirmed and remanded.

O'CONNOR and MANNING, JJ., concur.